Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUIS HIRAM QUIÑONES SANTIAGO<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500208 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Solicitud de remedio administrativo<br><br>Solicitud núm.: GMA1000-554-24 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2025.

En esta ocasión debemos ***desestimar*** el presente recurso de revisión por falta de jurisdicción al tornarse académico. **Veamos.**

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes.

El **25 de noviembre de 2024**, el Sr. Luis Hiram Quiñones Santiago ("Quiñones Santiago" o "recurrente") presentó una *Solicitud de Remedios Administrativos* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación ("DCR") con el fin de obtener el servicio de limpieza dental.[1] El **5 de diciembre de 2024** fue asignada con el número *GMA1000-554-24* y codificada como *B2.*[2]

---

[1] Anejo 1 del Recurrente, pág. 1.
[2] *Íd.*

Número Identificador
SEN2025_____

Con fecha del **19 de diciembre de 2024**, el funcionario José Soto emitió *Respuesta del Área Concernida/Superintendente*.[3] En esta, le informó al recurrente que, del expediente médico, surge que fue evaluado el día 13 de mayo de 2024 por el dentista de la institución Anexo Guayama 500, no obstante, le indicó que su solicitud sería remitida a la asistente dental de su actual institución.

No conforme con la respuesta, el recurrente presentó una *Solicitud de Reconsideración* el **18 de febrero de 2025**.[4] Aceptó que había asistido al área dental, pero reiteró su interés por el servicio de limpieza dental.

Ante ello, el DCR notificó el **25 de marzo de 2025** una *Respuesta de Reconsideración al Miembro de la Población Correccional*.[5] Esbozó que luego de evaluar la reconsideración, determinó modificar la contestación del área médica. En lo pertinente, señaló que; *"[e]l asunto sería llevado al área dental para coordinar una cita. Se orienta a que cuando sea atendido por el personal médico le exponga los asuntos que usted entienda que son necesarios para su salud"*.[6]

Aún inconforme, por derecho propio y de forma *pauperis*, el señor Quiñones Santiago presentó el recurso que nos ocupa el **4 de abril de 2025**, y señaló la comisión de dos (2) errores:

> Err[ó] el D[CR] en no da[r]le seguimiento a la compañía Physician Correctional al [á]rea dental de la Institución Correccional Guayama 1,000.

> Err[ó] la compañía Physician Correctional [á]rea dental en no cumplir con el prop[ó]sito para lo que fue contratad[a:] velar por la salud dental de los confinados y establecer un seguimiento[,] un procedimiento[,] el cual no existe en dicha compañía[,] y tomar represa[l]ia[s] por acudir a las solicitudes de remedios administrativos.

De otra parte, el **9 de junio de 2025** la Oficina del Procurador General en representación del DCR presentó una *Solicitud de*

---

[3] Anejo 2 del Recurrente, pág. 5.
[4] Fue recibida el 27 de febrero de 2025.; Véase; Anejo 3 del Recurrente, pág. 2.
[5] Anejo 4 del Recurrente, pág. 3.
[6] *Íd.*

*Desestimación,* por académico ya que el servicio dental había sido brindado.

**-II-**

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable".*[7] La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí".*[8] En nuestro ordenamiento;

> *[s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado académico.*[9]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[10] La *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[11]

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[12] La jurisdicción se refiere a la capacidad que tiene un

---

[7] *IG Builders et al. v. BBVAPR,* 185 DPR 307, 334 (2012).; *PNP v. Carrasquillo,* 166 DPR 70, 74 (2005).
[8] *IG Builders et al. v. BBVAPR, supra,* pág. 334.
[9] *PNP v. Carrasquillo, supra,* pág. 74.
[10] *Angueira v. JLBP,* 150 DPR 10, 19 (2000).
[11] *Báez Díaz v. ELA,* 179 DPR 605, 617 (2010).
[12] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

tribunal para atender y resolver controversias sobre determinado aspecto legal.[13] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[14]

Por lo cual, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> (B) *Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> > (1) *que el Tribunal de Apelaciones carece de jurisdicción;*
> > (2) *que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;*
> > (3) *que no se ha presentado o proseguido con diligencia o de buena fe;*
> > (4) *que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;*
> > **(5) *que el recurso se ha convertido en académico.***
> (C) *El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[15]

De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[16]

**-III-**

El señor Quiñones Santiago instó este recurso dado que interesaba recibir el servicio de limpieza dental, dicho servicio fue realizado el **5 de junio de 2025**. De la solicitud de desestimación surge que el DCR certificó haberle ajustado la oclusión al recurrente el **24 de abril de 2025**,[17] y que el **5 de junio de 2025** le realizaron

---

[13] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[14] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[15] Regla 83 inciso (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(C).
[16] *Moreno v. UPR II*, 178 DPR 969, 974 (2010).
[17] *Véase*; Anejo I de la *Solicitud de Desestimación* presentada por el DCR, pág. 1.

la limpieza dental.[18] Por lo cual, el asunto ante nuestra consideración se tornó académico.

Ante ello, este Foro Apelativo quedó privado de jurisdicción al tornarse académico el presente el recurso. En consecuencia, procede su desestimación.

**-IV-**

Por los fundamentos antes expuestos, ***desestimamos*** el presente recurso legal.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] *Véase*; Anejo II de la *Solicitud de Desestimación* presentada por el DCR, pág. 2.